### BETHEA v. SCOFIELD.

#### Civil Action No. 223.

District Court, W. D. Texas, Austin Division.

Aug. 19, 1947.

J. B. Lewright and Muckleroy McDonnald, both of San Antonio, Tex., for plaintiff.

Wm. B. Waldo, Sp. Asst. to Atty. Gen., and J. M. Burnett, U. S. Atty., of San Antonio, Tex., for defendant.

RICE, District Judge.

The questions presented are:

(1) Was the entire corpus of the Catherine Henke Trust includible in the gross estate of Catherine Henke, deceased, as a gift made in contemplation of death, within the meaning of Section 302(c), Revenue Act of 1926, as amended 26 U.S.C.A. Int. Rev.Code, § 811(c); or

(2) Was the entire corpus includible because intended to take effect in possession or enjoyment at or after the testator's death, within the meaning of the cited provision of the law?

(3) Were the sums paid as bequests under the joint will of January 27, 1928, to the extent paid from the property or estate of Catherine Henke, includible in her estate as gifts made in contemplation of death under the above cited section?

(4) Is the holding in Commissioner v. Masterson, 5 Cir., 127 F.2d 252, applicable to the facts of this case, and, if not, will the refund claim upon which this suit is based support a recovery against the Collector?

(5) Do the provisions implying finality of settlement, which were written into the waiver of right to appeal to the Board of Tax Appeals, constitute an enforcible obligation against the taxpayer as an executed accord, or by way of estoppel?

Findings of Fact

From the stipulation of facts filed herein by the parties and from the evidence, the facts are found to be as follows:

I. Leona H. Bethea, herein referred to as the executrix, is a resident of Bexar County, Texas. Catherine Henke, the mother of the executrix, died on November 19, 1936, and thereafter, on September 20, 1937, the executrix, as such, filed with the Collector of Internal Revenue for the First Collection District of Texas a return for the estate of Catherine Henke, showing net estate in Schedule P of the said return of $223,593.12 and net estate in Schedule Q of $283,593.12. The tax shown due in the said return, after claiming credit for state inheritance taxes in the sum of $4,354.98, was in the total net sum of $38,963.64, and this was paid January 12, 1938. The estate of Catherine Henke, for which the said return was made, is hereinafter referred to as the taxpayer.

II. Catherine Henke, under date of June 10, 1932, made a will, a copy of which was introduced in evidence. On May 6, 1935, Catherine Henke, while temporarily at Norfolk, Virginia, made and published a codicil to her will of June 10, 1932. A copy of such codicil was introduced in evidence. The said will and codicil were admitted to probate in the County Court of Bexar County, Texas, on December 30, 1935, and at that time and place Leona H. Bethea was named as independent executrix. Thereafter, she qualified as independent executrix and has not been discharged as such.

III. On January 27, 1928, the said Catherine Henke, and her husband, Henry Henke, then residents of Houston, Harris County, Texas, made and executed a joint will. Henry Henke was sick when said joint will was published, and he died on February 18, 1928. On February 22, 1928, the widow, Catherine, in pursuance of Clause VII of the said joint will, made and published a codicil thereto. A copy of said joint will and codicil was introduced in evidence.

Neither of the above mentioned codicils executed by Mrs. Henke revoked the joint will of herself and her husband.

IV. On May 15, 1928, the said joint will and codicil were probated as the will and codicil of the said Henry Henke, deceased, in the County Court of Harris County, Texas, and the Houston Land & Trust Company thereupon qualified as executor under the said will. Under the terms of the said joint will, the entire community estate of Henry and Catherine Henke passed to, vested in, was actually delivered to, and was taken possession of by the said Houston Land & Trust Company. That company proceeded to administer the estate as such executor until July 1, 1929, at which time it closed its books as such executor and opened its books as trustee

under the said joint will. During the period of administration, the said executor administered the entire community estate of Henry and Catherine Henke and paid and discharged out of the same all claims against the said community estate and paid all specific bequests and annual allowances provided for in said joint will and codicil, in accordance with the terms of the said instruments. The bequests provided for in the codicil and in paragraphs numbered I and II of the said joint will, and all other disbursements made during administration, were paid, one-half out of the property of Henry Henke and one-half out of the property of Catherine Henke. At the close of the period of administration under the said will and codicil the said Houston Land & Trust Company, as trustee, opened two trust accounts. One of these was carried in the name of "Estate of Henry Henke, Deceased," and the other in the name of "Mrs. Catherine Henke, Trust." As Trustee, the said Houston Land & Trust Company divided the residue of the community estate (thenceforth to be accounted for by it as trustee) between the two trust accounts, placing property valued at $1,381,846.88 in each account; and since July 1, 1929, the said trustee has at all times treated and administered the said two accounts as separate trust estates in accordance with the provisions of the said joint will.

V. Catherine Henke had accumulated a separate estate after the death of Henry Henke, and the executrix, in making and filing the estate tax return above referred to, included therein only the value of this accumulated separate estate. On November 19, 1936, the net value of the Catherine Henke Trust in the hands of the Houston Land & Trust Company, trustee, amounted to the sum of $1,289,217.92. In a report dated November 15, 1939, Internal Revenue Agent Fred B. Lowery recommended to his superiors in the Bureau of Internal Revenue that the net value of the Catherine Henke Trust as of November 19, 1936, be included in the estate of Catherine Henke as taxable property. On account of this and other corrections of the return, he recommended an additional assessment of estate tax in the sum of $398,836.35.

VI. The report of the Revenue Agent was furnished to the executrix by the Internal Revenue Agent-In-Charge on or about February 13, 1940, and thereafter she, through her accredited representatives and attorneys, protested all increases of value of assets of the estate recommended by the Revenue Agent and also the inclusion of the corpus of the said Catherine Henke Trust in gross estate. At a conference held at San Antonio, Texas, on April 17, 1940, at which the Commissioner of Internal Revenue was represented by John Trimble and Fred V. Lowery, Internal Revenue Agents, and plaintiff was represented by W. N. Aikman, her attorney in fact, it was agreed that the executrix would accept all changes recommended by the Revenue Agent, except that 30 per cent only of the value of the Catherine Henke Trust was to be included in the gross estate. In other words, the value of the Catherine Henke Trust was included in the gross estate of the value of $386,765.37 instead of $1,289,217.92; and on behalf of the said executrix it was then and there agreed that she would furnish the waiver mentioned in the next paragraph hereof.

VII. Pursuant to the agreement mentioned in the preceding paragraph hereof, the executrix delivered to the representatives of the Bureau of Internal Revenue the waiver of restrictions against immediate assessment and collection of the deficiency agreed upon. A copy of such waiver was introduced in evidence.

VIII. Thereafter, based on the recommendations of Revenue Agents Lowery and Trimble, the Commissioner of Internal Revenue, including only 30 per cent of the value of the Catherine Henke Trust on November 19, 1936, in the gross estate of Catherine Henke, deceased, assessed a deficiency in estate tax of $91,431.84 and interest of $12,358.32, a total of $103,790.16 which was paid by the executrix to the defendant herein on June 10, 1940. Of the deficiency so assessed, $77,168.10, and interest $10,430.35, was attributable to the inclusions in gross estate of the said 30 per cent of the value of the Catherine Henke Trust, i. e., $386,765.37.

IX. On May 20, 1943, the executrix for the estate of Catherine Henke, deceased,

filed a claim for refund of the tax so paid on June 10, 1940, as aforesaid. Copy of the said claim, consisting of three pages, was introduced in evidence. Said claim for refund was rejected by the Commissioner of Internal Revenue, and he gave notice of rejection by registered letter dated November 11, 1943.

X. At all times subsequent to the death of Catherine Henke the corpus of the Catherine Henke Trust has exceeded $1,-000,000 in value, and at all such times the annual net income from the joint property held in trust by the Houston Land & Trust Company has exceeded $40,000 per year. The said joint will of Henry and Catherine Henke has never been filed for probate as the last will and testament of Catherine Henke.

XI. The transfer made by Catherine Henke in 1928 was not made in contemplation of death and it was not intended to take effect in possession or enjoyment at or after death.

XII. I do not find any evidence that the Commissioner of Internal Revenue held or found as a fact that said transfer was made "in contemplation of death."

XIII. I find that the waiver of right to appeal to the Board of Tax Appeals executed by Leona Henke Bethea under date of April 18, 1940, was not executed by the Secretary of the Treasury, nor is there any evidence that it was accepted by, or authorized by him, and that its execution did not mislead the Collector of Internal Revenue or any of the officers of the government as to any fact or facts material to this case.

### Conclusions of Law.

I. Plaintiff was not estopped from prosecuting her claim for refund of the taxes in this case by reason of the waiver she executed on April 18, 1940.

II. The entire corpus of the Catherine Henke Trust Estate was not includible in the gross estate of Catherine Henke, deceased, as a gift made in contemplation of death, within the meaning of Section 302(c), Revenue Act of 1926, as amended.

III. The entire corpus of the Catherine Henke Trust Estate was not includible in the gross estate of Catherine Henke, de-

ceased, because the same was not intended to take effect in possession or enjoyment at or after the testator's death.

IV. The sums paid as bequests under the joint will of January 27, 1928, to the extent paid from the property of the estate of Catherine Henke, were not includible in her estate as gifts made in contemplation of death.

V. The holding in the case of Commissioner v. Masterson, 5 Cir., 127 F.2d 252, is applicable to the facts of this case, and under the facts of this case and the rule of law laid down by said decision, I hold as a matter of law that Mrs. Catherine Henke, by having the will of her husband probated and accepting the benefits under the will, waived her original community interest in the property disposed of by the will and became bound by the terms of the will and covenant.

Judgment carrying into effect the foregoing findings of fact and conclusions of law will be entered.